Received by Ginger Dickens
October 2, 2020

MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

BRANDON MASSEY
2081 DORENBEN DRIVE
APT G
REYNOLDSBURG, OH 43068,

                PLAINTIFF,
         VS.
COLUMBIA GAS OF OHIO INC
200 S CIVIC CENTER DRIVE
COLUMBUS, OH 43215,

             DEFENDANT.

**20CV-09-6367**
**CASE NUMBER**

**\*\*\*\* SUMMONS \*\*\*\***             09/25/20

TO THE FOLLOWING NAMED DEFENDANT:
      COLUMBIA GAS OF OHIO INC
      C/O CORP SERVICE CO
      50 WEST BROAD STREET
      SUITE 1330
      COLUMBUS, OH 43215

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:    BRANDON MASSEY
      2081 DORENBEN DRIVE
      APT G
      REYNOLDSBURG, OH 43068,

                      PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS:
      PAUL FILIPPELLI
      THE SPITZ LAW FIRM LLC
      SUITE 307
      1103 SCHROCK RD
      COLUMBUS, OH 43229

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY:  BROOKE ELLIOTT, DEPUTY CLERK

                           (CIV370-S03)

**EXHIBIT A**



MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

JUDGE M. HOLBROOK

BRANDON MASSEY,

        PLAINTIFF,

VS.

           20CV-09-6367
           **CASE NUMBER**

COLUMBIA GAS OF OHIO INC,

        DEFENDANT.

CLERK'S ORIGINAL CASE SCHEDULE
------------------------------

| | LATEST TIME OF OCCURRENCE |
|---|---|
| CASE FILED | 09/25/20 |
| INITIAL STATUS CONFERENCE | 12/07/20 0900AM |
| INITIAL JOINT DISCLOSURE OF ALL WITNESSES | 02/15/21 |
| SUPPLEMENTAL JOINT DISCLOSURE OF ALL WITNESSES | 04/12/21 |
| DISPOSITIVE MOTIONS | 07/05/21 |
| DISCOVERY CUT-OFF | 07/19/21 |
| DECISIONS ON MOTIONS | 08/30/21 |
| FINAL PRE-TRIAL CONFERENCE/ORDER (OR BOTH) | 09/13/21 0900AM |
| TRIAL ASSIGNMENT | 09/27/21 0900AM |

NOTICE TO ALL PARTIES
---------------------

    ALL ATTORNEYS AND PARTIES SHOULD MAKE THEMSELVES FAMILIAR WITH THE COURT'S LOCAL RULES, INCLUDING THOSE REFERRED TO IN THIS CASE SCHEDULE. IN ORDER TO COMPLY WITH THE CLERK'S CASE SCHEDULE, IT WILL BE NECESSARY FOR ATTORNEYS AND PARTIES TO PURSUE THEIR CASES VIGOROUSLY FROM THE DAY THE CASES ARE FILED.  DISCOVERY MUST BE UNDERTAKEN PROMPTLY IN ORDER TO COMPLY WITH THE DATES LISTED IN THE RIGHT-HAND COLUMN.

                BY ORDER OF THE COURT OF COMMON PLEAS,
                FRANKLIN COUNTY, OHIO

__/__/__
DATE

                MARYELLEN O'SHAUGHNESSY, CLERK

                (CIV363-S10)

**EXHIBIT A**

0F255 - Q31

## MARYELLEN O'SHAUGHNESSY

## FRANKLIN COUNTY CLERK OF COURTS
## GENERAL DIVISION, COURT OF COMMON PLEAS

CASE TITLE:  BRANDON MASSEY -VS- COLUMBIA GAS OF OHIO INC          CASE NUMBER: 20CV006367

TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:
CERTIFIED MAIL

DOCUMENTS TO BE SERVED:
COMPLAINT

PROPOSED DOCUMENTS TO BE SERVED:

UPON:
BRANDON MASSEY
2081 DORENBEN DRIVE
APT G
REYNOLDSBURG, OH  43068

COLUMBIA GAS OF OHIO INC
200 S CIVIC CENTER DRIVE
COLUMBUS, OH  43215

COLUMBIA GAS OF OHIO INC
C/O CORP SERVICE CO
50 WEST BROAD STREET
SUITE 1330
COLUMBUS, OH  43215

JUVENILE CITATIONS ONLY:

   HEARING TYPE:

   _ Date already scheduled at  :  Courtroom:

**Electronically Requested by:**  PAUL FILIPPELLI
**Attorney for:**

# EXHIBIT A

**THIS PAGE INTENTIONALLY LEFT BLANK**

**EXHIBIT A**

## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

|  |  |
|---|---|
| BRANDON MASSEY<br>2081 Dorenben Drive, Apt. G<br>Reynoldsburg, Ohio 43068, | CASE NO. |
| | JUDGE: |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF** |
| COLUMBIA GAS OF OHIO, INC.<br>200 S. Civic Center Drive<br>Columbus, Ohio 43215 | **JURY DEMAND ENDORSED<br>HEREIN** |
| **Serve Also:**<br>Corporation Service Company<br>50 West Broad Street<br>Suite 1330<br>Columbus, Ohio 43215 | |
| Defendant. | |

Plaintiff, Brandon Massey, by and through undersigned counsel, as his Complaint against

Defendant Columbia Gas, states and avers the following:

### PARTIES AND VENUE

1. Massey is a resident of the city of Reynoldsburg, Franklin County, Ohio.

2. At all times herein, Massey was acting in the course and scope of his employment.

3. Columbia Gas is a domestic corporation that does business at 200 S. Civic Center Drive,

   Columbus, Franklin County, Ohio ("Columbus Location").

4. Columbia Gas is and, at all times herein, was an employer within the meaning of R.C. §

   4112.01 *et seq.*

5. All of the material events alleged in this Complaint occurred in Franklin County.

6. Personal jurisdiction is proper over Columbia Gas pursuant to R.C. § 2307.382(A)(1) and (4).

The Employee's Attorney.™



# EXHIBIT A

7. Venue is proper pursuant to Civ. R. 3(C)(2) and (3).

8. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

9. Massey is a former employee of Columbia Gas.

10. Columbia Gas was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

11. At all times relevant herein, Massey was employed by Columbia Gas for at least 12 months and had at least 1,250 hours of service with Columbia Gas and therefore was an "eligible employee" under the Family & Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

12. On or about January 1, 2008, Massey began working for Columbia Gas.

13. Columbia Gas employed Massey as a service technician.

14. At all times herein, Massey was qualified for the position of service technician.

15. Massey is African American.

16. Throughout Massey's employment with Columbia Gas, Caucasian employees were a majority of the employees at the Columbus Location.

17. In or about October 2015, Daryl Lockhart became Massey's supervisor.

18. Lockhart did not participate in the decision to hire Massey.

19. Lockhart is Caucasian.

20. In or about October 2015, Lockhart told Massey that Massey's coworkers did not like working with Massey ("Comment About Coworkers").



**EXHIBIT A**

21. Lockhart told Massey's coworker Christian Bassett that Bassett's coworkers did not like working with Bassett.

22. Bassett is African American.

23. Lockhart did not make the Comment About Coworkers to similarly-situated Caucasian employees.

24. Massey made the Comment About Coworkers because of Massey's race.

25. In or about October 2015, Lockhart began making unannounced visits to Massey's worksites ("Discriminatory Monitoring").

26. Lockhart did not make unannounced visits to Massey's similarly-situated Caucasian coworkers' worksites.

27. Lockhart performed the Discriminatory Monitoring because of Massey's race.

28. Columbia Gas disciplined Massey more harshly than Massey's Caucasian coworkers for similar conduct ("Discriminatory Discipline").

29. Among the Discriminatory Discipline, on or about May 2, 2016, Lockhart reprimanded Massey for taking too long to perform a task ("May 2 Reprimand").

30. On or about May 3, 2016, Massey's coworker Kenny Otto took more time to perform the same task Massey had performed on May 2, 2016.

31. Otto is Caucasian.

32. On or about May 3, 2016, Lockhart did not reprimand Otto for working too slowly.

33. In or about 2016, Massey's coworker, Allen Ferrell, told Massey that Ferrell was "a mix of Irish and Dutch, plus a little bit of Nigger, but not too much" ("N-word Incident").

34. Ferrell is Caucasian.

35. In or about 2016, Massey made a complaint to Nick Venisatos about the N-word Incident.

36. Venisatos worked in Columbia Gas's human resources ("HR") department.



**EXHIBIT A**

37. Venisatos is Caucasian.

38. Columbia Gas has a policy against discrimination ("Discrimination Policy").

39. Columbia Gas's Discrimination Policy precludes retaliation against employees who complain about discrimination.

40. Alternatively, retaliation against employees who complain about discrimination is permitted by Columbia Gas.

41. Columbia Gas's Discrimination Policy precludes intimidation against employees who complain about discrimination.

42. Alternatively, intimidation against employees who complain about discrimination is permitted by Columbia Gas.

43. Columbia Gas's Discrimination Policy requires employees to report what they reasonably believe is a violation of the Discrimination Policy.

44. Columbia Gas's Discrimination Policy precludes retaliation against employees who report a violation of the Discrimination Policy.

45. Alternatively, retaliation against employees who report a violation of the Discrimination Policy is permitted by Columbia Gas.

46. Columbia Gas's Discrimination Policy precludes intimidation against employees who report a violation of the Discrimination Policy.

47. Alternatively, intimidation against employees who report a violation of the Discrimination Policy is permitted by Columbia Gas.

48. N-word Incident violates the Discrimination Policy.

49. The N-word Incident created a hostile work environment on the basis of race.

50. Columbia Gas has a policy to investigate reports of unsafe conditions.



**EXHIBIT A**

51. Columbia Gas has a policy to investigate reports of violations of its Discrimination Policy.

52. An investigation should include interviewing the complainant.

53. An investigation should include interviewing the subject of the complaint.

54. An investigation should include interviewing the subject of the reported discrimination.

55. An investigation should include interviewing witnesses to the reported discrimination.

56. An investigation should include getting a written statement from the complainant.

57. An investigation should include getting a written statement from the subject of the complaint.

58. An investigation should include getting a written statement from the subject of the reported discrimination.

59. In response to Massey's report of N-word Incident, Columbia Gas did not interview Massey.

60. In response to Massey's report of N-word Incident, Columbia Gas did not interview Ferrell.

61. In response to Massey's report of N-word Incident, Columbia Gas did not interview Lockhart.

62. In response to Massey's report of N-word Incident, Columbia Gas did not interview witnesses.

63. In response to Massey's report of N-word Incident, Columbia Gas did not get a written statement from Massey.

64. In response to Massey's report of N-word Incident, Columbia Gas did not get a written statement from Ferrell.

65. In response to Massey's report of N-word Incident, Columbia Gas did not get a written statement from Lockhart.

66. In response to Massey's report of N-word Incident, Columbia Gas did not get a written statement from witnesses.

67. Columbia Gas did not investigate Massey's report of N-word Incident.

68. Columbia Gas did not give Ferrell a verbal warning as a result of the N-word Incident.

The Employee's Attorney.



**EXHIBIT A**

69. Columbia Gas did not give Ferrell a written warning as a result of the N-word Incident.

70. Columbia Gas did not give Ferrell a final warning as a result of the N-word Incident.

71. Columbia Gas did not give Ferrell a suspension as a result of the N-word Incident.

72. Columbia Gas did not give Ferrell a termination as a result of the N-word Incident.

73. Columbia Gas did not give Ferrell any discipline at all as a result of the N-word Incident.

74. On or about October 26, 2016, Columbia Gas placed Massey on a performance improvement plan ("PIP").

75. Lockhart informed Massey about the PIP.

76. Columbia Gas placed Massey on the PIP after he reported the N-word Incident.

77. In or about March 2017, Massey started to have episodes of dizziness while working.

78. In or about March 2017, Massey started to need to urinate more frequently than before.

79. In or about March 2017, Massey started to experience extreme fatigue.

80. As a result of the symptoms described above, Massey went to a doctor.

81. Massey has attention-deficit hyperactivity disorder ("ADHD").

82. In or about the spring of 2017, Massey's doctor diagnosed him with diabetes.

83. In or about the spring of 2017, Massey's doctor diagnosed him with congestive heart failure.

84. In or about the spring of 2017, Massey's doctor diagnosed him with gout.

85. Hereinafter, Massey's ADHD, diabetes, congestive heart failure, and gout are collectively called "Massey's Conditions."

86. In or about the spring of 2017, Massey informed Venisatos about Massey's Conditions.

87. In or about the spring of 2017, Columbia Gas knew about Massey's Conditions.

88. Massey's Conditions are serious health conditions within the meaning of FMLA.

89. Massey's Conditions are physical and/or mental impairments.



**EXHIBIT A**

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 25 2:09 PM-20CV006367
0F255 - Q21

90. Massey's Conditions significantly limit Massey in one or more significant life activities.

91. Massey has a record of physical and/or mental impairment.

92. Columbia Gas perceived Massey as disabled.

93. Massey is disabled within the meaning of R.C. § 4112.01 *et seq.*

94. In or about September 2018, the symptoms of Massey's Conditions grew worse.

95. On or about September 6, 2018, Massey requested intermittent FMLA leave due to Massey's Conditions.

96. On or about September 6, 2018, Massey was eligible for FMLA leave.

97. On or about October 10, 2018, Columbia Gas terminated Massey's employment ("Termination").

98. Venisatos, Lockhart, and Operations Manager Mike Little informed Massey about the Termination.

99. Little is Caucasian.

100. On or about October 10, 2018, Columbia Gas alleged that the reason for the Termination was that Massey was late for a project in Boston, Massachusetts ("First Termination Excuse").

101. On or about October 10, 2018, Columbia Gas alleged that the reason for the Termination was that Massey had "excessive absences" ("Second Termination Excuse").

102. Massey did not have excessive absences.

103. Hereinafter, the First Termination Excuse and the Second Termination Excuse are collectively called the "Termination Excuses."

104. The Second Termination Excuse had no basis in fact.

105. The Termination Excuses were not the real reason for the Termination.

106. The First Termination Excuse was not a sufficient basis to justify the Termination.

107. The Termination Excuses were pretextual.

The Employee's Attorney.™



**EXHIBIT A**

0F255 - Q22

108. Columbia Gas knowingly skipped progressive disciplinary steps in terminating Massey.

109. Columbia Gas knowingly terminated Massey's employment.

110. Columbia Gas knowingly took an adverse employment action against Massey.

111. Columbia Gas knowingly took an adverse action against Massey.

112. Columbia Gas intentionally skipped progressive disciplinary steps in terminating Massey.

113. Columbia Gas intentionally terminated Massey's employment.

114. Columbia Gas intentionally took an adverse employment action against Massey.

115. Columbia Gas intentionally took an adverse action against Massey.

116. Columbia Gas knew that skipping progressive disciplinary steps in terminating Massey would cause Massey harm, including economic harm.

117. Columbia Gas knew that terminating Massey would cause Massey harm, including economic harm.

118. Columbia Gas willfully skipped progressive disciplinary steps in terminating Massey.

119. Columbia Gas willfully terminated Massey's employment.

120. Columbia Gas willfully took an adverse employment action against Massey.

121. Columbia Gas willfully took an adverse action against Massey.

122. On or about October 10, 2020, Columbia Gas terminated Massey's employment because of his race.

123. On or about October 10, 2020, Columbia Gas terminated Massey's employment because of his disability.

124. On or about October 10, 2020, Columbia Gas terminated Massey's employment because of his perceived disability.



**EXHIBIT A**

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 25 2:09 PM-20CV006367
0F255 – Q23

125. On or about October 10, 2020, Columbia Gas terminated Massey's employment because of his opposition to discrimination.

126. On or about October 10, 2020, Columbia Gas terminated Massey's employment in retaliation for his using FMLA leave.

127. On or about October 10, 2020, Columbia Gas terminated Massey's employment in order to prevent him from using FMLA leave.

128. As a direct and proximate result of Columbia Gas's conduct, Massey suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

129. Massey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

130. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

131. Columbia Gas is a covered employer under FMLA.

132. During his employment, Massey qualified for FMLA leave.

133. During his employment, Massey attempted to request FMLA leave by asking Columbia Gas if he qualified to take FMLA leave.

134. Columbia Gas failed to advise Massey properly of his rights under FMLA.

135. Columbia Gas unlawfully interfered with Massey's exercise of his rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

136. Columbia Gas violated section 825.300(c)(1) of the FMLA and interfered with Massey's FMLA rights when Columbia Gas did not honor Massey's approved use of FMLA leave.

The Employee's Attorney.™



**EXHIBIT A**

137. As a direct and proximate result of Columbia Gas's conduct, Massey is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT II: RETALIATION IN VIOLATION OF FMLA

138. Massey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

139. During his employment, Massey utilized FMLA leave.

140. After Massey utilized his qualified FMLA leave, Columbia Gas retaliated against him.

141. Columbia Gas retaliated against Massey by terminating his employment.

142. Columbia Gas terminated Massey's employment less than five weeks after he requested FMLA leave.

143. Columbia Gas willfully retaliated against Massey in violation of 29 U.S.C. § 2615(a).

144. As a direct and proximate result of Columbia Gas's wrongful conduct, Massey is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT III: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

145. Massey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

146. Throughout his employment, Massey was fully competent to perform his essential job duties.

147. Columbia Gas treated Massey differently than other similarly situated employees based on his race.

148. Columbia Gas violated R.C. § 4112.02(A) *et seq.* by discriminating against Massey due to his race.



**EXHIBIT A**

0F255 - Q25

149. On or about October 10, 2018, Columbia Gas terminated Massey's employment without just cause.

150. While Massey was employed at Columbia Gas, similarly-situated non-African-American employees were not terminated without just cause.

151. Columbia Gas terminated Massey's employment based on his race.

152. Columbia Gas violated R.C. § 4112.01 *et seq.* when he terminated Massey based on his race.

153. During his employment with Columbia Gas, Massey was subjected to offensive and harassing conduct by Columbia Gas based on his race.

154. Columbia Gas knew or should have known of the harassing conduct against Massey by Columbia Gas.

155. Columbia Gas condoned, tolerated and ratified this harassing conduct.

156. This harassing conduct was severe and/or pervasive.

157. This harassing conduct was offensive to Massey.

158. This harassing conduct interfered with Massey's ability to perform his job duties.

159. Columbia Gas's offensive and harassing conduct created a hostile and/or abusive work environment for Massey.

160. Columbia Gas's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Massey.

161. As a direct and proximate result of Columbia Gas's conduct, Massey has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.



**EXHIBIT A**

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 25 2:09 PM-20CV006367
0F255 - Q26

## COUNT IV: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

162. Massey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

163. Columbia Gas treated Massey differently than other similarly-situated employees based on his disabling condition.

164. Columbia Gas treated Massey differently than other similarly-situated employees based on his perceived disabling condition.

165. On or about October 10, 2018, Columbia Gas terminated Massey's employment without just cause.

166. Columbia Gas terminated Massey's employment based on his disability.

167. Columbia Gas terminated Massey's employment based on his perceived disability.

168. Columbia Gas violated R.C. § 4112.02 when it discharged Massey based on his disability.

169. Columbia Gas violated R.C. § 4112.02 when it discharged Massey based on his perceived disability.

170. Columbia Gas violated R.C. § 4112.02 by discriminating against Massey based on his disabling condition.

171. Columbia Gas violated R.C. § 4112.02 by discriminating against Massey based on his perceived disabling condition.

172. Massey informed Columbia Gas of his disabling condition.

173. As a direct and proximate result of Columbia Gas's conduct, Massey suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.



**EXHIBIT A**

### COUNT V: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

174. Massey restates each and every prior paragraph of this complaint, as if it were fully restated herein.

175. As a result of Columbia Gas's discriminatory conduct described above, Massey complained about the discrimination he was experiencing.

176. Subsequent to Massey's reporting of discrimination, Columbia Gas gave Massey a performance improvement plan.

177. Subsequent to Massey reporting of discrimination, Columbia Gas terminated Massey's employment.

178. Columbia Gas's actions were retaliatory in nature based on Massey's opposition to the unlawful discriminatory conduct.

179. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

180. As a direct and proximate result of Columbia Gas's conduct, Massey suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT VI: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981.

181. Massey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

182. Columbia Gas's discrimination against Massey violated the rights afforded to Massey under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

The Employee's Attorney.℠



**EXHIBIT A**

183. By the conduct described above, Columbia Gas intentionally deprived Massey of the same rights as are enjoyed by Caucasian citizens to the creation, performance, enjoyment, and all benefits and privileges, of his employment relationship with Columbia Gas.

184. As a result of Columbia Gas's discrimination, Massey has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Massey to injunctive and equitable monetary relief.

185. Massey has suffered severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

186. In its discriminatory actions as alleged above, Columbia Gas has acted with malice or reckless indifference to the rights of Massey, thereby entitling Massey to an award of punitive damages.

187. To remedy the violations of the rights of Massey secured by 42 U.S.C. § 1981, Massey requests that the Court award him the relief prayed for below.

### COUNT VII: RETALIATION IN VIOLATION OF 42 U.S.C. § 1981.

188. Massey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

189. Columbia Gas has violated 42 U.S.C. § 1981 by subjecting Massey to retaliation for his protected complaints and opposition to discrimination.

190. As a direct and proximate result of Columbia Gas's unlawful retaliatory conduct in violation of 42 U.S.C. § 1981, Massey has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.



**EXHIBIT A**

191. As a direct and proximate result of Columbia Gas's unlawful retaliatory conduct in violation of 42 U.S.C. § 1981, Massey has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

192. Columbia Gas's unlawful retaliatory conduct constitutes a willful and wanton violation of 42 U.S.C. § 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

193. To remedy the violations of the rights of Massey secured by 42 U.S.C. § 1981, Massey requests that the Court award him the relief prayed for below.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Massey respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Columbia Gas retroactively to restore Massey to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Columbia Gas of compensatory and monetary damages to compensate Massey for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Columbia Gas in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Massey's claims as allowable under law;

The Employee's Attorney.™



**EXHIBIT A**

0F255 - Q30  Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 25 2:09 PM-20CV006367

(e) An award of damages in an amount to be determined at trial, plus prejudgment interest, to

compensate Massey for harm to his professional and personal reputation and loss of career

fulfillment;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Paul Filippelli*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:      (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Brandon Massey*

### JURY DEMAND

Plaintiff Massey demands a trial by jury by the maximum number of jurors permitted.

*/s/ Paul Filippelli*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)

The Employee's Attorney.™

16



**EXHIBIT A**

MARYELLEN O'SHAUGHNESSY
FRANKLIN COUNTY CLERK OF COURTS
373 SOUTH HIGH STREET
COLUMBUS, OHIO 43215-4579



**CERTIFIED MAIL**

**USPS CERTIFIED MAIL**

9214 8901 1952 2806 0339 79



U.S. POSTAGE >> PITNEY BOWES

ZIP 43215 $ 006.65
02 4W
0000361056 SEP 29 2020

20CV-09-6367    H    ADDR: 1
97085    PAUL FILIPPELLI

F O R W A R D I N G   S E R V I C E   R E Q U E S T E D

MASSE
COLUMBIA GAS OF OHIO INC
C/O CORP SERVICE CO
50 WEST BROAD STREET
SUITE 1330
COLUMBUS, OH
43215



4321520CV06367MASSE

**EXHIBIT A**